WITKOUSKY & RINTELS v. W. F. WASSON.

Under the Constitution, art. 4, sec. 30, where there is no coroner in the county, the Clerk of the Superior Court may appoint one to execute process against the sheriff, where he is interested in, or a party to the suit; or in such case, under the C. C. P., sec. 73, it may issue to the sheriff of an adjoining county.

This was a CIVIL ACTION in which the summons was served by one who had been appointed by the Clerk of the Superior Court a coroner to execute it, there being at the time no coroner in the county, and the defendant being the sheriff of the county.   At the last term of the Superior Court of IREDELL, before his Honor, *Mitchell, J.*, a motion to dismiss was made for want of a proper service, which was granted, and the plaintiffs appealed.

*Furches, McCorkle & Baily*, for the plaintiffs.
*Armfield*, for the defendant.

READE, J.   The only point in the case is whether the Clerk of the Superior Court had the power to appoint a coroner to execute process against the sheriff of the county, there being no regular coroner.

Constitution, art. 4, sec. 30, provides, that " where there is no coroner in the county, the Clerk of the Superior Court for the county may appoint one for special cases. "

This would seem to be decisive of the question.

But the objection is made that inasmuch as before the Constitution three justices of the peace might appoint a coroner, where there was none in a county, for the special purpose of holding an inquest over a dead body, the Constitution means no more than to transfer that power to the Clerk of the Court; and that now the Clerk can appoint a coroner to hold an inquest only. But the Constitution seems to be broader than that, and allows the Clerk to appoint for "special cases;" that is, for any purpose, and for all purposes, within the scope of a coroner's duties. The objection is sought to be strengthened by the fact that it is provided in C. C. P., sec. 73, "when the sheriff is a party, process may issue to the coroner or to the sheriff of an adjoining county." And so it is said in this case the process ought to have issued to the sheriff of an adjoining county. But we are of the opinion that just as the process may issue either to the *regular* coronor, or to the sheriff of an adjoining county, so it may issue to a *special* coroner or to the sheriff of an adjoining county.

There was error in the order appealed from.

Let this be certified.

PER CURIAM.                    Judgment reversed.